1  Brian S. Kabateck (#152054; bsk@kbklawyers.com)
   Richard I. Kellner (#171416; rlk@kbklawyers.com)
2  Reza Sina (#250428; rs@kbklawyers.com)
   KABATECK BROWN KELLNER LLP
3  644 S. Figueroa Street
   Los Angeles, CA 90017
4  Telephone (213) 217-5000
   Facsimile   (213) 217-5010
5
   *Attorneys for Plaintiff and the Class*
6

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTI TRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 08-CV-01913-CRB<br><br>MDL No. 1913<br><br>**NOTICE OF JOINDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF COTCHETT, PITRE & MCCARTHY AS INTERIM CLASS COUNSEL** |

Plaintiff Meor Adlin, through its counsel, Kabateck Brown Kellner LLP, respectfully joins Cotchett, Pitre & McCarthy's Motion for Appointment as Interim Lead Class Counsel, and submits the following Memorandum of Points and Authorities in additional support thereof.

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. LEGAL ARGUMENT ............................................................................................ 1

    A. RULE 23(G) PLACES A PREMIUM ON EXPERIENCE, KNOWLEDGE, AND RESOURCES IN THE SELECTION OF INTERIM CLASS COUNSEL ........... 1

    B. THE COTCHETT FIRM'S UNIQUE KNOWLEDGE AND EXPERIENCE MAKE THE FIRM AN IDEAL CANDIDATE FOR INTERIM CLASS REPRESENTATION ................................................................................. 3

        1. As Experienced Class Action Attorneys, KBK Understands the Need for Interim Lead Counsel and Submits that The Cotchett Firm is Appropriate for the Position. ...................................................................................... 3

    C. KBK BELIEVES THAT THE COTCHETT FIRM POSSESS THE EXPERIENCE, LEGAL ACUMEN, AND DEDICATION TO BEST REPRESENT THE INTERESTS OF THE CLASS ON AN EFFICIENT BASIS ......... 6

    D. THE COTCHETT FIRM HAS A DEMONSTRATED HISTORY OF WORKING COOPERATIVELY WITH OTHER COUNSEL .............................. 7

III. CONCLUSION ..................................................................................................... 8

## I. INTRODUCTION

The law firm of Kabateck, Brown and Kellner, LLP ("KBK"), counsel in *Meor Adlin v. Air New Zealand, et al.*, Case No. CV 07-6410, supports the appointment of Cotchett, Pitre & McCarthy's ("The Cotchett Firm") as interim class counsel in this consolidated multidistrict litigation ("MDL") proceeding. KBK concurs that The Cotchett Firm's appointment as class counsel is desirable because it will assist in streamlining the conduct of this complex MDL litigation. The Cotchett Firm is particularly qualified to serve as interim class counsel because of its exemplary qualifications, experience, and resources, all of which The Cotchett Firm has brought to bear in similar airline industry price-fixing litigations. Furthermore, The Cotchett Firm has demonstrated its commitment to advancing this litigation, investigating the claims in this matter, working cooperatively with other parties and counsel, and is supported by a substantial number of plaintiffs in this MDL proceeding.

Accordingly, The Cotchett Firm's motion to be appointed as interim lead class counsel should be granted.

## II. LEGAL ARGUMENT

### A. RULE 23(G) PLACES A PREMIUM ON EXPERIENCE, KNOWLEDGE, AND RESOURCES IN THE SELECTION OF INTERIM CLASS COUNSEL

The Cotchett Firm's experience, knowledge, and resources make it an ideal candidate for interim lead class counsel.

Appointment of interim class counsel is a proper means of advancing the interests of the proposed class. Rule 23(g) vests the court with discretion to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23 (g)(3). When multiple actions are filed on behalf of overlapping putative classes, the attendant multiple law firms typically begin making decisions that may result in inefficiency and inconsistency. This serves as a detriment to class members. Furthermore, it is

essential to provide defense counsel with points of contact on the plaintiffs' side who have authority to make binding decisions in the myriad negations necessary to advance complex litigation. Formal appointment of interim counsel is thus desirable in circumstances such as the present ones, in order to best "protect the interests of class members." *Donaldson v. Pharmacia Pension Plan,* 2006 U.S. Dist. LEXIS 28697, *2-3 (S.D. Ill. May 10, 2006); *See also In re Cardinal Health, Inc. ERISA Litigation,* 225 F.R.D. 552, 554 (S.D. Ohio 2005). The Federal Rules Advisory Committee ("Advisory Committee") to Rule 23 further explains that designating interim counsel during pre-certification period is necessary to protect the interest of the putative class:

> Before the Class certification, however, it will usually be important for an attorney to take action to prepare for the certification decisions. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23…authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decisions is made…whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.

Advisory Committee's Notes (2003 Amendments).

Attorneys appointed to serve as class counsel "must fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(1)(B). In selecting class counsel, a court must consider the following factors: (1) the work counsel has done

in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.  *See* Fed. R. Civ. P. 23(g)(1)(C).  No single factor is determinative; all factors must be considered. *See* Advisory's Committee's Notes (2003 Amendments).

Pursuant to Fed. R. Civ. P. 23(g), KBK believes that The Cotchett Firm provides the knowledge, resources and skill to best represent the interests of the plaintiff class.

### B.    THE COTCHETT FIRM'S UNIQUE KNOWLEDGE AND EXPERIENCE MAKE THE FIRM AN IDEAL CANDIDATE FOR INTERIM CLASS REPRESENTATION

There is an ongoing need for Class leadership to unify, mobilize and communicate with prospective Class members on myriad pressing and important decisions, decisions that must be done in the entire Classes interest.  There is a need for coordination with the individual actions so that the actions can best be facilitated for the benefit of the class.  An interim lead class representative is needed in order to deal effectively with Defendants and to be responsible to this Court for coordinating any matters on behalf of the class.  KBK submits that appointing The Cotchett Firm as interim class representative will be crucial in continuing to focus the attention on promoting the interests of the class.

#### 1.    As Experienced Class Action Attorneys, KBK Understands the Need for Interim Lead Counsel and Submits that The Cotchett Firm is Appropriate for the Position.

KBK has successfully litigated dozens of class actions and multiparty lawsuits, such that it has a great understanding of relationships amongst class counsel and the requirements to be lead counsel.  Recent experience includes:

In *Epson Ink Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C Case No. CGC-03-425588, KBK obtained a settlement on behalf of a nationwide class of consumers whose Epson printer cartridges were defined by printer software as being empty when, in fact, they contain a substantial amount of ink and may continue to print. The settlement was approved on August 15, 2006 by the Superior Court of the State of California for the County of Los Angeles; the claims involved an estimated 6 million class of members. The value of this settlement is between $225 - $900 million.

KBK obtained two historical settlements on behalf of victims of the Armenian Genocide. The first settlement was for $20,000,000 in the action entitled *Marootian, et al. v. New York Life Insurance Company*, Case No. C99-12073 CAS (MCx) (U.S.D.C., Central Dist. CA), in which the plaintiffs alleged that New York Life Insurance Company failed to pay benefits under life insurance policies it issued in and following 1875 in the Turkish Ottoman Empire on the lives of persons of Armenian descent. KBK then achieved a similar result with a French insurer in *Kyurkjian v. Axa, et al.*, which settled for $17,000,000.

KBK is co-lead counsel in *Checkmate v. Yahoo!, Inc.*, U.S. District Court, Case No. CV-05-4588 (U.S.D.C., Central Dist. CA), which alleges that defendants improperly charged its pay-per-click internet advertising clients for fraudulent website "clicks" by third parties. The settlement in this action was approved by the district court and later, an objector's appeal of the court's decision was dismissed by the Ninth Circuit Court of Appeals.

KBK is also on the steering committee in *In Re Vioxx/Bextra/Celebrex, California*, Los Angeles County Superior Court, Complex Litigation Department. KBK represents over 1500 plaintiffs from all 50 states who have filed claims in this court. Similarly, KBK is representing hundreds of plaintiffs in other pharmaceutical cases across the nation, including *In Re Orthoevra*, Ohio, USDC

4

MOTION IN SUPPORT OF MOTION FOR APPOINTMENT OF COTCHETT, PITRE & MCCARTHY. AS INTERIM LEAD COUNSEL

Northern District of Ohio Multi-District Litigation; *In Re Zyprexa*, New York, USDC Eastern District of New York Multi-District Litigation; *In Re Prempro*, Arkansas, USDC Eastern District of Arkansas Multi-District Litigation.

KBK is lead counsel in many more class actions across the nation. From its vast experience in handling cases in Multidistrict Litigation, KBK submits that The Cotchett Firm is highly qualified to serve as co-lead of this case involving the alleged fixing of air passenger fuel surcharges by as many as a dozen airlines, most of which are foreign. Currently, Joseph W. Cotchett serves as lead counsel in the *In re: International Air Transportation Surcharge Antitrust Litigation*, another MDL proceeding which involves similar allegations of price-fixing relating to passenger airfares between the United States and the United Kingdom. The Cotchett Firm filed the first class action alleging price-fixing between British Airways and Virgin Atlantic Airways over surcharges and the pricing of airline tickets between the Unites States and United Kingdom. The circumstances are similar to the situation here where major airlines allegedly conspired to use their domination over specific air passenger routes to manipulate fuel surcharges and air passenger ticket prices.

In *International Air Transportation Surcharge Antitrust Litigation,* after consolidation and transference to the Northern District of California, Judge Charles Breyer appointed The Cotchett Firm as one of two Co-Lead Class Counsel in that case, finding that The Cotchett Firm was "best able to represent the interests of the class." Since being appointed as interim co-lead counsel in the *International Air Transportation Surcharge Antitrust Litigation*, The Cotchett Firm has developed a strong institutional knowledge base regarding the airline industry. The Cotchett Firm has been active in prosecuting the action against both British Airways and Virgin Atlantic. The Cotchett Firm was also the first law firm to file a complaint against Korean Air and Asiana relating to their conspiracy to fix the price of airline tickets and fuel surcharges for flights between the Unites States and the Republic of

5

Korea.

KBK believes and submits that The Cotchett's Firm's knowledge of the industry, terminology and of the interplay between surcharges and ticket prices will prove invaluable in the investigation and identification of key factual and legal issues in the transpacific case.

### C. KBK BELIEVES THAT THE COTCHETT FIRM POSSESS THE EXPERIENCE, LEGAL ACUMEN, AND DEDICATION TO BEST REPRESENT THE INTERESTS OF THE CLASS ON AN EFFICIENT BASIS

KBK supports the appointment of The Cotchett Firm as interim lead counsel. The Cotchett Firm has over 40 years of litigation and trial experience. They are widely recognized as one of the top trial firms in the United States. The Cotchett Firm specializes in the prosecution of difficult and complex antitrust, securities, and consumer fraud class action cases, and the firm has extensive experience in multidistrict litigation. The firm has taken hundreds of cases to trial, and its attorneys are widely-recognized for their trial experience. The Cotchett Firm and its members have long practiced in the Northern District, and have been selected as lead or co-lead counsel in numerous antitrust cases including *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal. Master Case No. 02-1486 (PJH), MDL no. 1486) and *In re Air Cargo Shipping Services Litigation* (E.D.N.Y. Case No. 06-1775 (CBA), MDL No. 1775).

Furthermore, The Cotchett Firm has already devoted not only the attorney time to investigate the merits of this case, but also the time and energy of their experienced investigative and support staff in their offices across the United States, including the Bay Area, Los Angeles, Washington D.C., and New York. KBK is aware of all the work The Cotchett Firm as already put in towards identifying and investigating potential claims in this action. The Cotchett Firm has already done extensive research in understanding the history, extent and nature of flight routes

6

MOTION IN SUPPORT OF MOTION FOR APPOINTMENT OF COTCHETT, PITRE & MCCARTHY. AS INTERIM LEAD COUNSEL

from the United States to the Asia Pacific regions, as well as learning about the relationships, trade associations, and communications between the Defendants that led to the alleged conspiratorial conduct of the Defendants. Substantial effort has also been made by The Cotchett Firm in developing and analyzing the facts that led to the initiation of investigations regarding alleged conspiratorial misconduct over transpacific air passenger routes. It is KBK's belief that these facts will prove that there has been the fixing of prices on air passenger flights between the United States and the Asia Pacific region on certain air routes.

The research and resources that the Cotchett firm has previously conducted in *In re: International Air Transportation Surcharge Antitrust Litigation* and *In re: Korean Air Line Co., Ltd. Antitrust Litigation* will help significantly in their leadership of the current case.

### D. THE COTCHETT FIRM HAS A DEMONSTRATED HISTORY OF WORKING COOPERATIVELY WITH OTHER COUNSEL

KBK knows of The Cotchett Firm's establishment of good working relations with counsel for both plaintiffs and defendants. Over the years, The Cotchett Firm has at one time or another worked with most, if not all of the plaintiff law firms, who have filed actions in this litigation in cooperative relationships, often in complex MDL cases such as this one. KBK is aware that The Cotchett Firm has been acknowledged by its peers for handling cases efficiently, effectively and swiftly. The Cotchett Firm has developed a respectful and courteous professional relationship with many of the law firms in this litigation. Professional, courteous relations amongst plaintiffs' counsel, as well as between opposing counsel, is essential to the conduct and management of a complex multidistrict action such as this one. *See Manual for Complex Litigation* (4th ed. 2005), Author's Comments to Roles of Counsel, §10.21, p.40 citing *Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London*, 1996 WL 115466 at *1 (N.D. Ind. 1996).

7

MOTION IN SUPPORT OF MOTION FOR APPOINTMENT OF COTCHETT, PITRE & MCCARTHY. AS INTERIM LEAD COUNSEL

Furthermore, The Cotchett Firm is dedicated to leading this litigation in a manner that best serves the interests of the plaintiffs injured by the alleged conspiratorial misconduct of the Defendants. KBK, as well as many other plaintiffs' firms in this MDL action already support The Cotchett Firm.

The Cotchett Firm is committed to litigating this case in a cooperative manner with counsel for plaintiffs in all of the coordinated and consolidated cases by establishing a Steering Committeeof plaintiffs' counsel to ensure that the class is adequately represented pursuant to §10.221 of the *Manual on Complex Litigation*. Especially in a case of this nature, involving air carriers from a number of different nations and involving a number of transpacific air passenger routes, the creation of a Steering Committee offers obvious advantages in assigning responsibility for the prosecution of this action. In doing do, KBK believes that The Cotchett Firm will use all efforts to avoid waste and duplication in favor of efficiency. The use of lead counsel and a small steering committee are encouraged in large cases where disparate interests need to be represented. *See Manual on Complex Litigation* (Fourth), §10.221 (2004).

As such, The Cotchett Firm appropriately fits the requirements of lead interim counsel, and its motion should be granted.

### III.   CONCLUSION

Plaintiff attorneys who actively handle class actions, antitrust actions and mass tort actions universally hold The Cotchett Firm in the highest esteem, generally acknowledge the firm's high degree of experience in the handling of complex antitrust class actions generally, and recognize the firm's wealth of knowledge concerning the issues in this particular litigation by virtue of its work on previous cases. The Cotchett Firm's experience in litigating antitrust claims will be extremely beneficial in the current case. The Cotchett Firm has offices around the United State to assist in the prosecution of this litigation and has the necessary

8

resources and knowledge to effectively represent the Class.

For the forgoing reasons, The Cotchett Firm's Motion for Appointment as Interim Lead Counsel should be granted.

Dated:  March 7, 2008

Respectfully submitted,
KABATECK BROWN KELLNER


By:_____
Brian S. Kabateck
Richard L. Kellner
Reza Sina

Attorneys for Plaintiff Meor Adlin